Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3336 | **DATE** | July 16, 2010 |
| **CASE TITLE** | Daniel J. Robinson (#2009-0010682) vs. Sheriff Paul Kaupus, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to: (1) file the amended complaint; (2) terminate Correct Care Solutions as a Defendant pursuant to the amended complaint and Fed. R. Civ. P. 15(a); (3) terminate Paul Kaupus as a Defendant pursuant to 28 U.S.C. § 1915A; (4) issue summons for service of the amended complaint on Defendant Wren; and (5) send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ **[For further details see text below.]**   **Docketing to mail notices.**

## STATEMENT

Plaintiff, a detainee at the Will County Adult Detention Facility, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that a nurse at the jail violated Plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, Plaintiff alleges that Defendant failed to provide needed medical care after Plaintiff slipped, fell, and suffered a possible concussion. Plaintiff has submitted an amended complaint limited solely to his medical claim, as directed. See Minute Order of June 15, 2010 [4]; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the amended complaint. Here, accepting Plaintiff's allegations as true, the Court finds that the pleading states a colorable federal cause of action against Nurse Wren. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008); *Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); but see *Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999) (inattention only to serious injury or signs of serious injury amounts to a constitutional violation). While a more fully developed record may belie Plaintiff's allegations, Defendant must respond to the complaint.

However, the amended complaint is dismissed on preliminary review as to Sheriff Paul Kaupus. Plaintiff has alleged no facts suggesting the sheriff's direct, personal involvement, as required by controlling **(CONTINUED)**

mjm

precedent. See, *e.g.*, *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at Kaupus' direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). Sheriff Kaupus is not even mentioned in the body of the amended complaint. Because Plaintiff has failed to state any facts indicating that the Sheriff was personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, Kaupus is dismissed as a Defendant in this matter.

The Clerk also is directed to terminate Correct Care Solutions as a Defendant. Plaintiff does not appear to have intended to bring suit against Correct Care Solutions as a separate party. The "parties" section of the complaint at p. 2 makes clear that Plaintiff is suing Nurse Wren and names Correctional Care Solutions for identification purposes only.

The Clerk is respectfully requested to issue summons for service on Defendant Wren. The United States Marshals Service is appointed to serve Wren. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Nurse Wren can no longer be found at the work address provided by Plaintiff, the Will County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.